### Stewart Dry Goods Company v. Miller, By et al.

(Decided February 23, 1916.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch No. 3).

1. Master and Servant—Child Labor Law—Dangerous Occupation—Question for Jury.—Under the concluding clause in subsection 11 of the Child Labor Law that "No child under sixteen years of age shall be employed at any occupation dangerous or injurious to health or morals, or to lives or limbs," and providing that the decision of such matter shall be left to the county physician or city health officer, if no such decision is had by such officer previous to the employment after a full and fair disclosure to such officer of the nature of the duties expected of the child and the physical and moral conditions which will surround him while in

the performance of his duties, the question whether the occupation was or not dangerous to lives or limbs will be left to the jury.

2. Master and Servant—Child Labor Law—Dangerous Occupation—Certificate of Physician.—The certificate authorized by subsection 2 of the Child Labor Law to be issued by the school Superintendent was intended merely to enable the school authorities to keep trace of children of school age, and was not intended to dispense with the necessity of the issual by the county physician or city health officer of the certificate of employment required by subsection 11 before employing a child in an occupation which might or might not be deemed dangerous to lives or limbs.

3. Master and Servant—Child Labor Laws—Dangerous Occupation—Question for Jury.—In a case where a boy under sixteen years of age was employed as a messenger without first procuring a certificate from the county physician or city health officer, and the evidence shows that in performing his duties the boy was required to use a bicycle and was required to keep the bicycle in the basement and it was necessary for him to go to the basement fifteen or twenty times a day to get his bicycle and in so doing was required to use a freight elevator, which the evidence tended to show was faultily constructed and carelessly maintained, the question as to whether the occupation was dangerous to lives or limbs was properly left to the jury.

4. Master and Servant—Child Labor Law—Dangerous Occupation.—The purpose of the Child Labor Statute was to throw around children engaged in any occupation all possible safeguards to the end that they may reach maturity morally and physically fitted for the higher duties of citizenship.

R. C. KINKEAD, H. H. NETTLEROTH and FRED FORCHT for appellant.

O'DOHERTY & YONTS for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Appellee, John K. Miller, a boy then fifteen years of age, in November, 1912, while employed by appellant as a messenger boy had his heel crushed by an elevator operated by appellant's servants which resulted in the amputation of his leg at a point between the ankle and the knee.

Through his statutory guardian he instituted this action for damages and upon the trial was awarded a verdict and judgment for $10,000.00, from which this appeal results.

In the pleadings two grounds of negligence were relied upon as a basis for a recovery:

First. The negligent maintenance and operation of the elevator, and

Second. That the plaintiff while under sixteen years of age was employed by the defendant in an occupation dangerous to life or limb as prohibited by our child labor statute.

The court in its instructions submitted both of these questions to the jury and authorized a recovery under the allegations as to unlawful employment.

The only ground for reversal urged is that the character of employment is not such as is prohibited by our child labor statute, and that therefore any submission of this question to the jury was prejudicial error.

The child labor law was amended by the 1914 General Assembly, but the statute in effect when this injury occurred and which must control this case will be found in Carroll's 1909 Kentucky Statutes, section 331a, as amended by an act of March 23, 1910.

The three sub-sections involved are as follows:

Sub-section 1. ''No child under fourteen years of age shall be employed, permitted or suffered to work in or in connection with any factory, workshop, mine, mercantile establishment, store, business office, telegraph office, restaurant, hotel, apartment house, or in the distribution or transmission of merchandise or messages   *   *   *.''

Sub-section 2, as amended by the act of March 23, 1910 (Acts 1910, page 256), provides that:

''No child between fourteen and sixteen years of age shall be employed, permitted or suffered to work in or in connection with any factory, workshop, mine, mercantile establishment, store, business office, telegraph office, rsetaurant, hotel, apartment house, or in the distribution or transmission of merchandise or messages, unless the person or corporation employing him procures and keeps on file an employment certificate from the school superintendent as prescribed.''

Sub-section 11. ''No child under the age of sixteen years shall be employed at sewing belts or to assist in sewing belts, in any capacity whatever, nor shall any child adjust any belt to any machinery; they shall not oil or assist in oiling, wiping or cleaning machinery; they shall not operate or assist in operating, circular or band saws, wood shapers, wood joiners, planers, sandpaper or wood polishing machinery, emery or polishing wheels used for polishing sheet metal, wood turning or

boring machinery, stamping machines in sheet metal and tinware manufacturing, stamping machines in washer and nut factories, operating corrugating rolls, such as are used in roofing factories, nor shall they be employed in operating any steam boiler, steam machinery, or other steam generating apparatus, or as pin boys in any bowling alley; they shall not operate or assist in operating dough brakes, or cracker machinery of any description, wire or iron straightening machinery, nor shall they operate or assist in operating rolling mill machinery, punches or shears, washing or grinding or mixing mills, or calender rolls in rubber manufacturing, nor shall they operate or assist in operating laundry machinery, nor shall such children be employed in any capacity in preparing any composition in which dangerous or poisonous acids are used, and they shall not be employed in any capacity in the manufacture of paints, colors or white lead, nor shall they be employed in any capacity whatever in operating or assisting to operate any passenger or freight elevator, nor shall they be employed in any capacity whatever in the manufacture of goods for immoral purposes, nor in any theater, concert hall, or place of amusement wherein intoxicating liquors are sold, nor shall females under sixteen years of age be employed in any capacity where such employment compels them to remain standing constantly. Nor shall any child under sixteen years of age be employed at any occupation dangerous or injurious to health or morals, or to lives or limbs, and as to these matters, the decision of the county physician or city health officer, as the case may be, shall be final.''

In this case the employer procured from the school superintendent the certificate of employment provided for in sub-section 2, and the argument for appellant is that as that sub-section authorizes the employment of children between 14 and 16 years of age in the distribution and transmission of merchandise and messages, and as the employment of messenger boy is not an occupation dangerous or injurious to health or morals or to lives or limbs, as is prohibited in the concluding clause of subsection 11, the employment was justified, and this issue should not have been submitted to the jury. It is urged that the transmission of messages or packages by a boy between 14 and 16 years of age is from its very nature and upon its face not a dangerous occupation such as

is contemplated by the concluding sentence in sub-section 11; that that sub-section and the concluding clause thereof was intended only to apply to occupations which were inherently dangerous or having an actual tendency toward moral contamination. It is further plausibly and forceably argued that there is of necessity *some* danger attending any occupation of a child or even in play or sport indulged in by him, and that the prohibition of the statute is against the employment of children under the age of 16 in *dangerous* occupations, and was not designed to either enlarge or diminish the liability of an employer where a child under 16 years of age is engaged by him in an occupation not in itself dangerous or hazardous.

It is true that under sub-section 2 children between 14 and 16 years of age may be employed as messengers by the procurement of the certificate therein required; but that sub-section must be construed in connection with sub-section 11, and the latter, after enumerating a number of employments which the legislature deemed dangerous to children under 16 years of age, doubtless realizing that there were certain employments in which children under that age might be properly employed when the nature of their duties and the surroundings were properly understood in advance by a person qualified to pass upon them, further provided: ''Nor shall any child under 16 years of age be employed at any occupation dangerous or injurious to health or morals or to lives or limbs, and as to these matters the decision of the county physician or city health officer, as the case may be, shall be final.''

From this concluding clause of that sub-section there can be no doubt that the legislature recognized that there were certain occupations which children under sixteen years of age might or might not be properly engaged in, depending upon the nature of the particular duties required and depending upon the physical and moral surroundings while so performing those duties, and intended in each case to leave the final determination of this question to the county physician or city health officer. Therefore before an employer employs a child under 16 years of age it becomes his duty to fully and fairly disclose to the county physician or the city health officer the nature of the duties which will be expected of the child, and the physical and moral conditions which will surround

him while in the performance of those duties, and if he does so he may properly engage the services of the child without violation of the statute, and not otherwise.

The validity of this delegation of authority to the county physician or city health officer was upheld by this court in the case of L., H. & St. L. Ry. Co. v. Lyons, 155 Ky., 396. And in the same case the court in construing sub-section 11, said:

"It was, of course, well known to the legislature that there might be reasonable difference of opinion as to whether certain employments other than those specifically named in the statute were dangerous, and the obvious purpose of thus confiding to an officer the right to decide whether an employment was dangerous or not was to furnish to employers a means by which they might save themselves from the penalties of the statute in the event they employed a child in an occupation concerning the dangers of which there might be room for reasonable difference of opinion.

"We understand this reference of the question to the decision of the official named to mean that when an employer of labor wishes to engage the services of a child under sixteen years of age, in an occupation not specifically prohibited, but that might be regarded as dangerous or injurious to health or morals or to lives or limbs, he may apply to the county physician or city health officer, as the case may be, and obtain from him a decision; and if this officer, after having submitted to him a full and fair statement of the nature of the employment, decides that it is not dangerous or injurious to health or morals or to lives or limbs, the employer may engage the services of the child without violating the statute."

In the case at bar the court submitted to the jury the question of fact whether the occupation of the infant appellee was dangerous to lives or limbs, and in the case just quoted that was held to be proper in a case where the employer had not procured the required certificate from the physician or health officer.

The evidence in this case was that the infant appellee used a bicycle in carrying packages for appellant; that he was required to keep this bicycle in the basement of appellant's business place, and in the prosecution of his duties it was necessary that he should go to the basement fifteen or twenty times a day to get his bicycle so that

he might deliver packages; that in going thus to and from the basement he was required by his employer to use a freight elevator, and that that elevator, for several reasons not necessary to state, was neither constructed nor maintained in a reasonably safe way, and that upon the occasion of his injury it was overcrowded and improperly managed.

If the health officer or county physician had been applied to in this case, and had been fully acquainted with the necessity of the boy using that elevator fifteen or twenty times a day, and with the facts as to its alleged construction and maintenance shown in the plaintiff's evidence, it is not probable that he would have given his consent to such employment.

The certificate of the school superintendent, required by sub-section 2, was not intended to authorize absolutely the employer to employ a child in an occupation, which under some circumstances might be considered dangerous; but a reading of the whole act is convincing that the purpose of such certificate was to enable the school authorities to have a record showing where children of school age were employed so that trace might be kept of them. The authority of the employer to employ a child in any such occupation, which may or may not be dangerous according to the facts and circumstances surrounding the child while following such occupation, must come from the county physician or city health officer, as is expressly provided in sub-section 11, and the authority of such officer must be exercised, as is evidently contemplated by the statute, only after a full and fair disclosure of the nature of the employment, the surroundings of the child, both physical and moral, while so employed.

Manifestly the purpose of the statute was to throw around children engaged in any occupation all possible safeguards to the end that they may reach maturity morally and physically fitted for the higher duties of citizenship.

If, therefore, an employer sees proper to employ a child under sixteen years of age in an occupation, where from the nature of the duties required and the physical surroundings reasonable men might differ as to whether the occupation was or was not dangerous, without first procuring the decision of the county physician or city health officer on this question, the question of fact as to

whether such occupation was or was not dangerous must of necessity be submitted to the jury; for if the employment is dangerous he has violated the statute, and if it is not dangerous he has not violated the statute.

Judgment affirmed.